IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERTO TORRES,

      Petitioner,           No. CIV S-09-2150 JAM GGH P

  vs.

JOHN HAVILLAND, Warden,

      Respondent.         ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, has filed an application that has been construed as a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition has just been transferred to the undersigned by an Order, filed on January 22, 2010, pursuant to L.R. 81-190(d);[1] however, on the face of it, the instant petition does not appear to have been properly filed in this court. The first page of the petition indicates that it was intended to be directed to the state supreme court. In addition, this petition was filed in this court on August 4, 2009, before the petition in the previous case, CIV-S-08-0278 JAM GGH P, was dismissed for failure to exhaust state court remedies by Order, filed on September 1, 2009, upon which judgment was entered. Petitioner will be afforded the opportunity to inform the court whether or not the

---

[1] Amended Local Rules have been effective since December 1, 2009, and this rule is now identified simply as L.R. 190(d).

1

petition has been misdirected to this court when petitioner intended to file it in the state supreme court in order to exhaust his state court remedies.  If it has been mistakenly filed in federal court, the petition will be dismissed and petitioner would be wise to immediately file the petition in the state supreme court.  If it is properly in this court, petitioner should clarify when his state court remedies in this matter were exhausted.

      Accordingly, IT IS ORDERED that petitioner show cause, within 21 days, why this petition should not be dismissed as mistakenly filed in federal court, and, if properly filed in this court, when his state court remedies in this matter were exhausted.

DATED: January 29, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
 torr2150.osc

2