IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERTO TORRES,

    Petitioner,               No. CIV S-09-2150 KJM GGH P

    vs.

VINCE CULLEN, Warden,

    Respondent.          ORDER

                                  /

          Judgment in this matter was entered pursuant to the March 22, 2011, order adopting the findings and recommendations filed on January 5, 2011, granting respondent's motion to dismiss. Although petitioner, a state prisoner proceeding pro se, had failed to file objections to the findings and recommendations, following the entry of judgment, he filed a motion for reconsideration/re-hearing pursuant to Fed. R. Civ. R. 60(b). That motion, by application of the mailbox rule, was filed on April 16, 2011.[1] Shortly thereafter, petitioner filed a

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

1

request for a certificate of appealability, which the court could construe as a timely[2] notice of appeal[3] of this court's March 22, 2011, dismissal of his application for a writ of habeas corpus as untimely.

If petitioner is electing to proceed by way of a Rule 60(b) motion, he has not gone about it the right way, as respondent observes in his response to petitioner's Rule 60(b) motion, filed on May 13, 2011. Once petitioner filed his notice of appeal, this court lost jurisdiction over the petition, including, of course, the motion for reconsideration/re-hearing. Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004).

> Once Williams filed his notice of appeal of the district court's judgment denying his habeas corpus petition, the district court lost jurisdiction over the petition. See *id*.; *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir.1986). To seek Rule 60(b) relief during the pendency of an appeal, " 'the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case.' " *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir.1984) (quoting *Long v. Bureau of Econ. Analysis*, 646 F.2d 1310, 1318 (9th Cir.), vacated on other grounds, 454 U.S. 934, 102 S.Ct. 468, 70 L.Ed.2d 242 (1981)).

Williams v. Woodford, 384 F.3d at 586.

On the other hand, in a motion made pursuant to Fed. R. Civ. P. 52(b)(motion to amend judgment to make additional findings of fact) or Rule 59(e)(motion to alter or amend a judgment), this court retains jurisdiction because petitioner's motion for reconsideration was made within the requisite twenty-eight days following the judgment. Motions under Rule 52(b) and Rule 59(e), unlike those under Rule 60(b), do toll the time for filing a notice of appeal and this court may retain jurisdiction during the pendency of such a motion, filed timely. Hostler v.

---

[2] Petitioner has made it difficult to apply the mailbox rule to this filing, having signed and dated one portion of the request April 22, 2011, and another portion April 29, 2011. That latter date cannot be accurate as the request was dated as filed in this court's docket on April 26, 2011.

[3] Petitioner's request for a certificate of appealability is to be construed as a notice of appeal. Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir.1992) ("a request for a certificate of probable cause can serve 'double duty' as notice of appeal"); Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir. 1990).

1  Groves, 912 F.2d 1158, 1160 n. 2 (9th Cir. 1990).  "A notice of appeal is jurisdictionally

2  ineffective if filed before disposition of a Rule 59(e) motion to alter or amend the judgment."

3  Tripati v. Henman, 843 F. 2d 205, 206 (9th Cir. 1988)[internal citation omitted].  The court now

4  directs petitioner to clarify how he wishes to proceed on his pending reconsideration motion.

5  Hamid v. Price Waterhouse, 51 F.3d 1411, 1415 (9th Cir. 1995)("[o]ur precedents ... require that

6  we treat a motion which could have been made as a timely Rule 59 motion as though it were so

7  made") [citation omitted].

8        Accordingly, IT IS HEREBY ORDERED that petitioner inform this court within

9  fourteen (14) days whether he intends that his putative Rule 60(b) motion be so construed or,

10 instead, should be construed as one pursuant to Rule 59(e) of the Federal Rules of Civil

11 Procedure.

12 DATED: June 21, 2011

        /s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

15 GGH:009
torr2150.ord

3