IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERTO TORRES,

    Petitioner,                        No. CIV S-09-2150 KJM GGH P

    vs.

JOHN HAVILAND, Warden,            ORDER

    Respondent.

         On January 5, 2011, the magistrate judge recommended that petitioner's habeas petition be dismissed as untimely and informed the parties that objections were due within fourteen days of the date the recommendation was filed. ECF No. 26. Petitioner, who is proceeding *pro se*, did not file objections. This court adopted the findings and recommendations on March 22, 2011. ECF No. 28.

         On April 19, 2011, petitioner filed a "motion to reconsider" under Federal Rule of Civil Procedure 60(b), and on April 26, 2011, he filed a "motion for a certificate of appealability." ECF Nos. 30, 31. It appears both motions were filed with the assistance of a prisoner "writ writer." Respondent has opposed the motion for reconsideration.

/////

/////

/////

1

I. <u>Motion For Reconsideration</u>

As respondent notes, to the extent petitioner's request for a certificate of appealability is deemed a notice of appeal, the filing of such a notice vests jurisdiction in the Court of Appeals. In such a situation petitioner would first need to determine whether this court is willing to consider his motion to vacate the judgment and then seek remand from the Court of Appeals. *Williams v. Woodford*, 384 F. 567, 586 (9th Cir. 2004).

Although petitioner has not sought leave to request reconsideration, the court construes his filings to request as much. Although his arguments are difficult to understand, petitioner suggests he did not file objections to the magistrate judge's recommendation because the institution was put on lock-down on March 6, 2011 and because of petitioner's continued difficulties in finding English-speaking inmates to assist him. ECF No. 30 at 3. His objections to the findings and recommendations were due before the lockdown, however, and petitioner provides no more than a conclusory statement about his difficulties in finding an English-speaking inmate to assist him.

Petitioner also argues that because the magistrate judge relied in part on *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006), in finding the petition untimely, this court should accept that case's discussion of the dearth of Spanish language materials in the California Medical Facility library as conclusive of his claim that he did not have access to information about the Antiterrorism and Effective Death Penalty Act (AEDPA) in his native language. Even if it were appropriate for this court to use findings from another case to resolve certain issues of fact, *see Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003), reliance on *Mendoza* would not help plaintiff here: the Ninth Circuit made no findings, but rather remanded for further development of the record. *Mendoza*, 449 F.3d at 1071. Petitioner's showing also does not trigger the need for a hearing: as the magistrate judge observed, petitioner has made no showing that he was acting diligently to find a translator or to obtain Spanish language materials during the objections period. ECF No. 26 at 6.

Petitioner further argues he is entitled to an evidentiary hearing because of counsel's ineffectiveness. Although he does not say so explicitly, he appears to be referring to his prior counsel's purported failure to provide him with his files in a timely fashion. ECF No. 21 at 2. He has presented no additional facts or argument undercutting the magistrate judge's determination that petitioner has not borne his burden of showing counsel's egregious conduct. ECF No. 26 at 8-9; *see American Ironworks & Erectors, Inc. v. North Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (affirming denial of 60(b) motion that "merely restated" an argument previously raised).

II. Request For The Issuance Of A Certificate Of Appealability

Petitioner mixes state and federal habeas procedure in his request for the issuance of a certificate of appealability. Federal law, however, is clear: A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

In order to obtain a certificate of appealability where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In this case, jurists of reason would not find it debatable whether the petition was timely or whether petitioner was entitled to equitable tolling.

/////

/////

/////

3

IT IS THEREFORE ORDERED:

1. Petitioner's motion for reconsideration (ECF NO. 30) is denied; and

2. Petitioner's request for the issuance of a certificate of appealability (ECF No. 31) is denied.

DATED: June 30, 2011.

_____
UNITED STATES DISTRICT JUDGE

2/torr2150.60(b)